UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMIE E. EVANS,

        Plaintiff,

v.                                    Case No. 19-CV-1650

JACOB R. DORN, BOBBY BLAKE,
KEVIN SONNTAG, and
QUINN WARNER,

        Defendants.

## DECISION AND ORDER

Plaintiff Tommie E. Evans, who is representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Evans alleges that defendants Jacob R. Dorn, Bobby Blake, Kevin Sonntag, and Quinn Warner violated his constitutional rights when they left him handcuffed for several hours in a booth after an attorney visit. The defendants filed a motion for summary judgment, which has been fully briefed and is ready for resolution. (ECF No. 19.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 4, 5.)

1.     **Facts**

    *1.1*   *Evans's 2017 Case*

In 2017 Evans filed Case No. 17-cv-1435 in the Eastern District of Wisconsin on October 20, 2017. On August 3, 2018, Evans filed a second amended complaint in that case. The second amended complaint alleged the following:

- On December 2, 2016, Evans had an attorney visit at Waupun Correctional Institution that ended at 2:45 p.m.

- After Evans was done visiting with his attorney, he told defendant Blake that the visit was over and asked to return to his cell. Blake ignored his request.

- After two hours in the booth, Evans began feeling lightheaded and began having panic attacks. He began kicking the door and shouting. Eventually he lost consciousness.

- Defendant Warner heard Evans yelling for help. Although he notified defendants Sonntag and Dorn, he did not release Evans from the booth.

- Dorn and Sonntag and non-defendant Sgt. Nathan Wolf eventually woke Evans up. Evans had urinated on himself, had excruciating pain in his right shoulder, and had a lump on his head. Evans was left in the booth for several hours.

- Defendant Sgt. Moungey (who is not a defendant in Case No. 19-cv-1650) did not allow Evans to shower or eat after returning to his cell.

(Case No. 17-cv-1435, ECF No. 40, ¶¶ 8-16; Case No. 19-cv-1650, ECF No. 24, ¶ 4.)

Judge William C. Griesbach screened the complaint and allowed Evans to proceed on an Eighth Amendment claim of disregarding a safety risk against Blake, Sonntag, Dorn, Warner, and an Eighth Amendment conditions of confinement claim against Moungey. (Case No. 17-cv-1435, ECF No. 39. Case No. 19-cv-1650, ECF No. 24, ¶ 5.) The defendants eventually moved for summary judgment. After the parties fully briefed the motion, Judge Griesbach held that the defendants' actions did not amount to an Eighth Amendment violation, and Blake, Dorn, Sonntag, Warner, were not deliberately indifferent to a risk of harm imposed by being in the attorney visiting booth for several hours. Case No. 17-cv-1435, ECF No. 65 at 7.) The Eighth

Amendment claim against Moungey was also dismissed. (*Id.*) Judge Griesbach dismissed the case and entered judgment. (*Id.*; Case No. 17-cv-1435, ECF No. 66.)

On July 8, 2019, Evans filed a motion for reconsideration (Case No. 17-cv-1435, ECF No. 67), which was denied via text only order because it raised no new issues (Case No. 17-cv-1435, ECF No. 70). Evans did not appeal the decision.

*1.2    Evans's 2017 Case*

A few months later, on October 8, 2019, Evans filed this case in Wisconsin state court. His complaint alleged claims only under the Eighth Amendment. (ECF No. 24, ¶ 14.) On November 8, 2019, the defendants removed the case to federal court. (*Id.*, ¶ 15.) On April 7, 2020, Evans filed a third amended complaint, which alleged the following:

- On December 2, 2016, Evans was handcuffed to a booth table in the area designated for attorney visits at Waupun Correctional Institution.

- After Evans was done visiting with his attorney, he told defendant Blake that the visit was over and asked to return to his cell because he was not feeling well. Blake ignored his request.

- After two hours in the booth, Evans began feeling lightheaded and began having panic attacks. He began kicking the door and shouting. Eventually he lost consciousness.

- Defendant Warner heard Evans yelling for help. Although he notified defendants Sonntag and Dorn, he did not release Evans from the booth.

- Dorn and Sonntag and non-defendant Sgt. Nathan Wolf eventually woke Evans up. Evans had urinated on himself, had excruciating pain in his right shoulder, and had a lump on his head. Evans surmises he was left in the booth for several hours.

(*Id.*, ¶ 16; EFC No. 11, ¶¶ 9-14.) The court screened the third amended complaint and allowed Evans to proceed on an Eighth Amendment claim and exercised supplemental jurisdiction over the negligence claim under Wisconsin state law. (ECF No. 10.)

### 1.3   Evans's Position on his Cases

Evans states that Judge Griesbach's decision and order on summary judgment did not state that the 2017 case was dismissed with prejudice. (Case No. 19-cv-1650, ECF No. 25, ¶ 1.) Evans also asserts that records from the Wisconsin Department of Justice show that he does not have three or more dismissals "within the meaning of Wis. Stat. § 801.02(7)(d)," and the lack of the 2017 case in the Wisconsin Department of Justice records proves that the 2017 case was never dismissed. (*Id.*, ¶ 2.) He further states that he filed his case in state court and did not ask to remove it to federal court. (*Id.*, ¶ 3.) Evans "is not disputing he had a case like this one been filed [*sic*] in federal court before," but points out that the current case includes state claims that he had never brought before. (*Id.*, ¶ 4.) Evans requests that, if the court decides that his federal claims are barred by the doctrine of claim preclusion, it still consider his state law negligence claim. (*Id.*, ¶ 5.)

### 2.     **Summary Judgment Standard**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit."

4

*See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

4.   Analysis

The defendants argue that the court should grant summary judgment in their favor because the case currently before the court is barred by the doctrine of *res judicata—i.e.,* claim preclusion. The "doctrine gives preclusive effect to a prior lawsuit if (1) a court of competent jurisdiction rendered a final judgment on the merits, (2) the

new lawsuit involves the same "cause of action" as the old, and (3) there is an identity of parties or their privies between the suits." *Kykta v. Ciaccio*, 633 Fed. Appx. 340, 343 (7th Cir. 2015) (quoting *Arlington Golf, LLC v. Vill. Of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011)).

Regarding the first element, Evans argues that, because his 2017 case did not specify it was dismissed with prejudice, the court did not render a final judgment. However, whether the case was dismissed with prejudice is irrelevant to whether a final judgment on the merits was rendered. "The test for finality is not whether the suit is dismissed with prejudice or without prejudice . . . . [T]he test is whether the district court has finished with the case." *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003). The district court had finished with Evans's 2017 case. The court dismissed the case, entered judgment, and denied a motion for reconsideration.

Evans also points to Wis. Stat. § 801.02(7)(d) as proof that his federal case was never dismissed because the 2017 case does not show up in the Wisconsin Department of Justice records. However, that statute governs the rules of civil procedure in Wisconsin state cases; it does not have any bearing on federal cases. So the dismissal of the 2017 federal case would not show up in state records listing dismissals of state cases. Thus, the first element of claim preclusion is met.

Turning to the second element, two lawsuits involve the same cause of action where the claims involved "are based on the same, or nearly the same, factual allegations." *Czarniecki v. City of Chicago,* 633 F.3d 545, 550 (7th Cir. 2011) (citations omitted). The factual allegations between Evans's 2017 and 2019 cases that concern

6

the Eighth Amendment claims against Blake, Dorn, Sonntag, and Warner are substantively identical. The only significant difference between the two cases is that the 2017 case brought an Eight Amendment claim against Moungey and the 2019 case includes a state law negligence claim. The second element of claim preclusion is satisfied.

For the third element, both cases clearly involve Eighth Amendment claims against Blake, Dorn, Sonntag, and Warner. Thus, there is an identity of parties between the two cases, satisfying the third element.

Because all three elements are met, Evans's Eighth Amendment claim is barred under the doctrine of *res judicata*. That claim is dismissed. Because the federal claim is dismissed, the court declines to continue to exercise supplemental jurisdiction over the state law negligence claim. *See* 28 U.S.C. §1367(c); *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015).

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 19) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely

requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2021.

BY THE COURT

*William E. Duffin*
WILLIAM E. DUFFIN
United States Magistrate Judge